1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*E-FILED - 9/30/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORIE OTIS,                        )    No. C 09-3871 RMW (PR)
                                   )
              Petitioner,          )    ORDER OF DISMISSAL
                                   )
   v.                              )    (Docket No. 1)
                                   )
WARDEN,                            )
                                   )
              Respondent.          )
_____   )

On August 24, 2009, petitioner, a California state prisoner, filed a motion for extension of time to file a federal habeas corpus petition.  (Docket No. 1.)  In the motion, petitioner seeks to extend the deadline imposed by the applicable statute of limitations for federal habeas petitions, with respect to a federal habeas petition she wishes to file in the future.

Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to "cases" and "controversies."  See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  In the absence of an actual petition for a writ of habeas corpus or other substantive pleading, there is no case or controversy for the court to adjudicate.  See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001).  Although, in some instances, a motion may be construed to be a petition for writ of habeas corpus, see id. at 83-84, petitioner here has not alleged any facts that would substantiate the any

1  allegations of constitutional violations, and it is clear that the crux of petitioner's motion asks for

2  relief from the statute of limitations rather than a conviction.  Moreover, the court cannot discern

3  from the instant filing whether petitioner can meet even the most basic requirements for

4  proceeding with a habeas petition in federal court and, in particular, in the Northern District,

5  such as proper jurisdiction and venue.  Consequently, the motion will not be construed as a

6  habeas petition.  See id.

7          Accordingly, this action is DISMISSED without prejudice to petitioner's filing a petition

8  for writ of habeas corpus or a complaint for other relief.  At such time as petitioner does file a

9  petition for habeas corpus, she may, of course, raise any applicable grounds for relief from the

10  statute of limitations.  The clerk shall close the file.

11          IT IS SO ORDERED.

12  DATED: ___9/29/09___

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge