IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORIE OTIS,

      Petitioner,               No. CIV S-10-0043 GGH P

   vs.

WARDEN,[1]

      Respondent.            ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[2]  Petitioner has submitted a declaration that makes the showing required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

        Petitioner sets forth two grounds for relief: 1) "incompetence of appointed counsel," which is construed as a claim of ineffective assistance of counsel; 2) (although

---

[1] Petitioner must identify by name the warden of the facility wherein she is incarcerated, as respondent, in any amended filing.

[2] This case was transferred into the Eastern District of California from the Northern District on January 6, 2010.  Docket # 9.

1

1  numbered as 3) "prior strike conviction." Petition, p. 6. As to the first ground, petitioner states,

2  rather vaguely, that her counsel "did not thoroughly inform me correctly what I was pleading to."

3  Id. The only factual support petitioner provides is that her counsel "failed to investigate and all

4  videotapes, fingerprints and banking information..." Petitioner's support for ground two, which

5  is not a constitutional claim as framed, is also inadequately supported. The petition will be

6  dismissed, but petitioner will be granted leave to amend, within 28 days, to set forth specific facts

7  that demonstrate a violation of her constitutional rights.[3]

8          Accordingly, IT IS HEREBY ORDERED that:

9          1. Petitioner is granted leave to proceed in forma pauperis; and

10         2. The petition is dismissed with leave to file an amended petition within 28 days;

11 failure to do so will result in dismissal of this action without prejudice.

12 DATED: January 26, 2010

                                                  /s/ Gregory G. Hollows

                                                  GREGORY G. HOLLOWS
                                                  UNITED STATES MAGISTRATE JUDGE

GGH:009
otis0043.dis

---

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).