IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORIE OTIS,

        Petitioner,        No. 2:10-cv-0043 KJN P

    vs.

WARDEN,

        Respondent.       <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding without counsel and in forma pauperis, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Petitioner's original petition was dismissed with leave to amend on January 26, 2010. Petitioner filed a first amended petition on March 1, 2010, that was also dismissed with leave to amend. Both of those petitions failed to name the proper respondent. Petitioner filed a second amended petition on April 15, 2010. Petitioner's second amended petition while more coherently stating her claims simply names "Warden" as respondent.

        "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition," <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994), and the court is required to consider <u>sua sponte</u> whether the named respondents have the power to provide the relief sought in a habeas corpus action. See <u>Smith v.</u>

1

1  Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004).  Petitioner has named "Warden" as respondent in
2  this action.  This is not the proper respondent in this action.  Instead, petitioner must name as
3  respondent the warden of the prison where she is incarcerated.  Accordingly, the instant second
4  amended petition must be dismissed with leave to amend.[1]  See Stanley, 21 F.3d at 360.

    Accordingly, IT IS HEREBY ORDERED that:

    1. The second amended petition is dismissed with leave to file a third amended petition within 30 days; failure to do so will result in dismissal of this action without prejudice.

    2. Any third amended petition must be filed on the form employed by this court, must name the proper respondent, and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Third Amended Petition".

    3. The Clerk of the Court shall send petitioner a blank form for filling out a habeas petition that is used in this district.

DATED:  April 27, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

otis0043.dis2

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).