IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORIE OTIS,

        Petitioner,                     No. 2:10-cv-0043 KJN

   vs.

DOBSON-DAVIS, WARDEN,           ORDER

        Respondent.

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges her 2007 conviction on three counts for fraudulent checks, two counts of second degree burglary, one count of receiving stolen property, and one count of petty theft with a prior.  Petitioner pled no contest pursuant to a plea agreement.  Petitioner was sentenced to thirteen years, eight months in prison. Petitioner raises two claims in her third amended petition, filed May 10, 2010, that her prison sentence violates the Constitution.  Both parties have consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c); Dkt. Nos. 12, 23.  After carefully considering the record, the undersigned finds the petition should be denied.

////

1

II.  Procedural History

1.  Petitioner timely appealed her conviction.  On March 7, 2008, her conviction was affirmed by the California Court of Appeal, Third Appellate District.  People v. Otis, 2008 WL 616240 (Cal.App. 3 Dist. 2008).

2.  On October 3, 2008, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District, Case No. C060047.  The petition was denied without comment on October 9, 2008.  (Docket Sheet Lodged by Respondent on August 30, 2010.)

3.  On December 2, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, Case No. S168678.  (Lodged by Respondent on August 30, 2010.) On May 20, 2009, the California Supreme Court denied the petition, citing In Re Waltreus, 62 Cal.2d 218 (1965).  (Docket Sheet Lodged by Respondent on August 30, 2010.)

4.  On April 15, 2010, petitioner filed an amended petition for writ of habeas corpus.  (Dkt. No. 16.)  On August 27, 2010, respondent filed an answer.  Petitioner did not file a reply or a traverse.

III.  Facts[1]

> On September 1, 2006, pursuant to a negotiated settlement in Yuba County case No. CRF06335, [petitioner] Lorie Ann Otis pled no contest to two counts of second degree burglary, 15 counts of possession of a forged check, and four counts of receiving stolen property and admitted a prior strike conviction. As part of the settlement, it was agreed that if [petitioner] appeared for sentencing on January 10, 2007, the court would dismiss 15 of the counts and her sentence would be 12 years eight months; however, if she did not appear, she would be exposed to a maximum term of 33 years.
>
> [Petitioner] failed to appear for sentencing and a bench warrant for her arrest was issued.

_____

[1]  The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Otis, 2008 WL 616240 (Cal.App. 3 Dist. March 7, 2008), appended as an exhibit to respondent's answer.

In February 2007, in Yuba County case No. CRF07112, [petitioner] was arrested and charged with felony theft and with falsely identifying herself to a peace officer. Again pursuant to a negotiated settlement, [petitioner] pled no contest to the felony theft charge conditioned upon her receiving an eight-month consecutive sentence in case No. CRF06335, no strike prior would be alleged, and a separate case (No. 07-41) would be dismissed.

In March 2007, [petitioner] requested that her plea be withdrawn, the public defender was relieved, and separate counsel was appointed to determine whether there was any legal basis for such a motion. After counsel determined there was no basis for [petitioner] to withdraw her plea, the public defender was reappointed. Notwithstanding [petitioner's] failure to appear for sentencing in case No. CRF06335, she was sentenced to the original agreed-upon term of 12 years eight months along with the imposition of restitution fines of $10,000 in accord with Penal Code sections 1202 .4 and 1202.45. In case No. CRF07112, she received the agreed-upon eight-month term consecutive to the 12-year eight-month term and restitution fines of $200 imposed in accord with Penal Code sections 1202.4 and 1202.45.

FACTUAL BASIS FOR PLEAS IN CASE NO. CRF06335

On March 10, 11 and May 1, 2006, [petitioner] fraudulently completed and passed several checks stolen from various persons. On May 8, 2006, a search of [petitioner's] residence disclosed additional stolen checks, many of which had been fraudulently completed by [petitioner]. [Petitioner] had been convicted of first degree burglary in Sutter County on June 25, 1997.

FACTUAL BASE FOR PLEA IN CASE NO. CRF07112

From February 10 to 12, 2007, [petitioner] was in possession of mail which had been stolen from mailboxes of several individuals.

(People v. Otis, 2008 WL 616240 at *1 (Cal.App. 3 Dist. 2008).

IV.  Standards for a Writ of Habeas Corpus

A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts.  See Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1994); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citation omitted). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085.  Habeas corpus cannot be used to try state issues de

1   novo.  <u>Milton v. Wainwright</u>, 407 U.S. 371, 377 (1972).

2          This action is governed by the Antiterrorism and Effective Death Penalty Act of

3   1996 ("AEDPA").  <u>See</u> <u>Lindh v.Murphy</u>, 521 U.S. 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d

4   1062, 1067 (9th Cir. 2003).  Section 2254(d) sets forth the following standards for granting

5   habeas corpus relief:

6          An application for a writ of habeas corpus on behalf of a person
       in custody pursuant to the judgment of a State court shall not be
7       granted with respect to any claim that was adjudicated on the
       merits in State court proceedings unless the adjudication of the
8       claim -

9              (1) resulted in a decision that was contrary to, or involved
       an unreasonable application of, clearly established Federal law, as
10      determined by the Supreme Court of the United States; or

11             (2) resulted in a decision that was based on an unreasonable
       determination of the facts in light of the evidence presented in the
12      State court proceeding.

13  28 U.S.C. § 2254(d).  <u>See also</u> <u>Penry v. Johnson</u>, 532 U.S. 782, 792-93 (2001); <u>Williams v.</u>

14  <u>Taylor</u>, 529 U.S. 362 (2000); <u>Lockhart v. Terhune</u>, 250 F.3d 1223, 1229 (9th Cir. 2001).

15         Under section 2254(d)(1), a state court decision is "contrary to" clearly

16  established United States Supreme Court precedents if it applies a rule that contradicts the

17  governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

18  indistinguishable from a decision of the Supreme Court and nevertheless arrives at different

19  result.  <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (citation omitted).

20         Under the  "unreasonable application" clause of section 2254(d)(1), a federal

21  habeas court may grant the writ if the state court identifies the correct governing legal principle

22  from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

23  prisoner's case.  <u>Williams</u>, 529 U.S. at 413.  A federal habeas court "may not issue the writ

24  simply because that court concludes in its independent judgment that the relevant state-court

25  decision applied clearly established federal law erroneously or incorrectly.  Rather, that

26  application must also be unreasonable."  <u>Id.</u> at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75

1    (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

2    question, is left with a 'firm conviction' that the state court was 'erroneous.'")

3           The court looks to the last reasoned state court decision as the basis for the state

4    court judgment.  Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  Where the state

5    court reaches a decision on the merits, but provides no reasoning to support its conclusion, a

6    federal habeas court independently reviews the record to determine whether habeas corpus relief

7    is available under section 2254(d).  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003);

8    Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) ("Independent review of the record is not de

9    novo review of the constitutional issue, but rather, the only method by which we can determine

10   whether a silent state court decision is objectively unreasonable."); accord Pirtle v. Morgan, 313

11   F.3d 1160, 1167 (9th Cir. 2002).  When it is clear that a state court has not reached the merits of

12   a petitioner's claim, or has denied the claim on procedural grounds, the AEDPA's deferential

13   standard does not apply and a federal habeas court must review the claim de novo.  Nulph v.

14   Cook, 333 F.3d 1052, 1056 (9th Cir. 2003); Pirtle, 313 F.3d at 1167.

15   V.  Petitioner's Claims

16          Respondent argues both claims are procedurally defaulted and unexhausted, and

17   must be denied.  "An application for a writ of habeas corpus may be denied on the merits,

18   notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the

19   State."  28 U.S.C. § 2254(b)(2).  Therefore, the court addresses petitioner's claims below.

20          A.  First Claim

21          Petitioner's asserted ground one is "incompetence of appointed counsel," and

22   provides the following facts:

23          Mrs Veronica Juarez (public defender of Yuba County) had not
           thoroughly inform[ed] [petitioner] correctly what [she] was
24          pleading to.  She failed on her part to investigate any and all
           fingerprints and banking information.

25

26   (Dkt. No. 18 at 4.)  Respondent construes this claim as a challenge to the denial of petitioner's

1    Marsden[2] motion at trial, and argues that the ruling by the Third District Court of Appeal is

2    binding on petitioner, citing Bradshaw v. Richey, 546 U.S. 74, 76 (2005).  (Dkt. No. 27 at 11.)

3           The last reasoned rejection of this claim is the decision of the California Court of

4    Appeal for the Third Appellate District on petitioner's direct appeal.  The state court denied this

5    claim stating:  "We have reviewed her Marsden motion and find no basis for dismissing

6    appointed counsel."  People v. Otis, 2008 WL 6162140 at *2.

7           To the extent petitioner challenges the denial of the Marsden motion, she has

8    failed to adequately plead her claim.  The Marsden claim, if it can be construed as one, is stated

9    in cursory fashion with no specific reference to the trial court record and without a sufficient

10   explanation of the facts surrounding the claim.  Although the record reflects that petitioner made

11   a Marsden motion at trial (see Court Reporter's Augmented Transcript, Vol. I, at 1), the

12   transcript of the motion was sealed and has not been lodged with this court.  (Id. at 3-10.)

13   Petitioner has provided insufficient support for her claim that a request for substitute counsel was

14   improperly denied and her allegations do not satisfy the specificity requirement.  See Jones, 66

15   F.3d at 204.  In addition, as is clear from the record, the trial court allowed petitioner to fully

16   express her complaints about trial counsel.  That is all that is constitutionally required.  See

17   Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc) ("the Sixth Amendment requires

18   on the record an appropriate inquiry into the grounds of such a motion, and that the matter be

19   resolved on the merits before the case goes forward"); Hudson v. Rushen, 686 F.2d 826, 829 (9th

20   Cir. 1982) ("Thus, the state trial court's summary denial of a defendant's motion for new counsel

21   without further inquiry violated the Sixth Amendment.")  For these reasons, even if petitioner's

22   Marsden claim had been properly presented to this court, it should be rejected.

23          It appears, however, that petitioner is attempting to raise an ineffective assistance

24

25        [2] In People v. Marsden, 2 Cal. 3d 118 (1970), the California Supreme Court held that a
     trial court must permit a defendant seeking a substitution of counsel after the commencement of
26   the prosecution's case to specify the reasons for his request.

1  of counsel claim.  Petitioner raised an ineffective assistance of counsel claim in her December 2,

2  2008 petition for writ of habeas corpus filed in the California Supreme Court.  (Id. at 3.)  That

3  claim was denied without comment.  (Docket Sheet Lodged by Respondent on August 30, 2010.)

4          The Sixth Amendment guarantees the effective assistance of counsel.  The United

5  States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in

6  Strickland, 466 U.S. at 668.  To support a claim of ineffective assistance of counsel, a petitioner

7  must first show that, considering all the circumstances, counsel's performance fell below an

8  objective standard of reasonableness.  Id. at 687-88.  After a petitioner identifies the acts or

9  omissions that are alleged not to have been the result of reasonable professional judgment, the

10 court must determine whether, in light of all the circumstances, the identified acts or omissions

11 were outside the wide range of professionally competent assistance.  Id. at 690; Wiggins v.

12 Smith, 539 U.S. 510, 521 (2003).

13         Second, a petitioner must establish that she was prejudiced by counsel's deficient

14 performance.  Strickland, 466 U.S. at 693-94.  Prejudice is found where "there is a reasonable

15 probability that, but for counsel's unprofessional errors, the result of the proceeding would have

16 been different."  Id. at 694.  A reasonable probability is "a probability sufficient to undermine

17 confidence in the outcome."  Id.; see also Williams, 529 U.S. at 391-92; Laboa v. Calderon, 224

18 F.3d 972, 981 (9th Cir. 2000).

19         In assessing an ineffective assistance of counsel claim "[t]here is a strong

20 presumption that counsel's performance falls within the wide range of professional assistance."

21 Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citation omitted).  Additionally, there is a

22 strong presumption that counsel "exercised acceptable professional judgment in all significant

23 decisions made."  Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citation omitted).

24         A reviewing court is not required to address the two parts of the Strickland test in

25 the order set forth therein.  See Strickland, at 697.  As the Court stated in Strickland:

26         In particular, a court need not determine whether counsel's

7

> performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.  The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.  Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

Id.

Petitioner's claims that defense counsel was ineffective because counsel failed to inform petitioner of the charges and failed to investigate are unavailing because petitioner has failed to demonstrate Strickland prejudice.  On August 7, 2006, petitioner entered a not guilty plea.  (Court Reporter's Augmented Transcript, Vol I, at 11.)  Petitioner had turned down a plea offer, and the prosecution informed the court:

> Your Honor, with the number of counts, plus since she didn't accept the offer, we will be amending the Information to add both of her prior strikes.  Then we'll leave it up to the Court whether -- at conviction whether she gets 25 to life.

(Id.)

The record reflects that petitioner first pled to a stipulation that if she did not fail to appear at sentencing or at probation, 15 counts would be dismissed, and she would receive a sentence of 12 years, eight months at 80 percent.  (RT at 63.)  However, if petitioner failed to appear, her exposure was 33 years.  (RT at 63.)  It appears petitioner failed to appear, although there were discrepancies about that fact, and she ultimately pled guilty and was sentenced to 12 years, eighteen months on March 23, 2007.  (RT at 63.)

Because petitioner was facing a maximum exposure of 33 years, or 25 years to life, petitioner cannot demonstrate that defense counsel was ineffective for negotiating a plea bargain that provided a sentence of 12 years and 8 months at 80 percent.  Petitioner has provided no evidence that absent defense counsel's ineffective assistance, the outcome would have been different.  Rather, it appears that had petitioner opted to forego the plea bargain and go to trial,

1    she faced conviction on more counts, with a much longer sentence.  Petitioner has therefore

2    failed to demonstrate <u>Strickland</u> prejudice, and her first claim should be rejected.

3                        B.  <u>Second Claim</u>

4                        In her second claim, petitioner contends she was "convicted of violating a non-

5    strikeable offense and got struck without any prior notification."  (Dkt. No. 18 at 4.)  In response,

6    respondent argues that this claim fails to present a federal question as required by 28 U.S.C. §

7    2254(a).  (Dkt. No. 27 at 14.)

8                        The last reasoned rejection of this claim is the decision of the California Court of

9    Appeal for the Third Appellate District on petitioner's direct appeal.  The state court addressed

10   this claim as follows:

11                  Her conviction for second degree burglary is not being charged as a
                    strike; instead, the strike was her first degree burglary conviction
12                  on June 25, 1997, which she admitted was true.  Our review of the
                    record discloses no basis for a motion to withdraw any of her pleas.
13                  A *Romero* motion must be filed in the trial court prior to
                    sentencing, not on appeal.
14

15   <u>People v. Otis</u>, 2008 WL 616240 at *2.

16                        Habeas corpus relief is unavailable for alleged errors in the interpretation or

17   application of state sentencing laws by either a state trial court or a state appellate court.

18   <u>Hendricks v. Zenon</u>, 993 F.2d 664, 674 (9th Cir. 1993).  So long as a state sentence "is not based

19   on any proscribed federal grounds such as being cruel and unusual, racially or ethnically

20   motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of

21   state concern."  <u>Makal v. State of Arizona</u>, 544 F.2d 1030, 1035 (9th Cir. 1976).  The Ninth

22   Circuit has specifically refused to consider state law errors in the application of state sentencing

23   law.  <u>See</u>, <u>e.g.</u>, <u>Miller v. Vasquez</u>, 868 F.2d 1116 (9th Cir. 1989).  In <u>Miller</u>, the court refused to

24   examine the state court's determination that a defendant's prior conviction was for a "serious

25   felony" within the meaning of the state statutes governing sentence enhancements.  <u>Id</u>. at 1118-

26   19.  The court did not reach the merits of the <u>Miller</u> petitioner's claim, stating that federal habeas

1   relief is not available for alleged errors in interpreting and applying state law.  Id. (quoting

2   Middleton v. Cupp, 768 F.2d at 1085).

3          In any event, as petitioner was informed by the trial court, "California Penal Code

4   § 1192.7(c)(18) provides that burglary in the first degree is a serious felony."  (Reporter's

5   Transcript ("RT") at 22.)  The record further demonstrates petitioner admitted the first degree

6   burglary conviction was true.  (RT at 22.)  Thus, the strike was properly imposed.

7          Additionally, "[b]efore a court may accept a defendant's guilty plea, the defendant

8   must be advised of the 'range of allowable punishment' that will result from his plea."  Torrey v.

9   Estelle, 842 F.2d 234, 235 (9th Cir. 1988).  However, state courts are not required to advise

10  criminal defendants of all collateral consequences of a plea or of all possible ancillary or

11  consequential results which may flow from a plea of guilty.  Id. at 235; see also United States v.

12  Littlejohn, 224 F.3d 960, 965 (9th Cir. 2000).  Thus, a defendant's ignorance of collateral

13  consequences does not deprive a guilty plea of its voluntary character.  United States v.

14  Brownlie, 915 F.2d 527, 528 (1990); Torrey, 842 F.2d at 235.  Accordingly, petitioner's claim

15  that she did not receive notice is also unavailing.

16         After review of the sentencing record, this court finds no federal constitutional

17  violation in the state trial judge's exercise of his sentencing discretion.  Therefore, petitioner is

18  not entitled to relief on this claim.

19  VI.  Conclusion

20         For all of the above reasons, IT IS HEREBY ORDERED that petitioner's

21  application for a writ of habeas corpus is denied.  The court declines to issue the certificate of

22  appealability referenced in 28 U.S.C. § 2253.

23  DATED:  October 20, 2010

24                                    _____
                                      KENDALL J. NEWMAN
25                                    UNITED STATES MAGISTRATE JUDGE

26  otis0043.157